UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | Criminal No. 3:13cr70 (JBA) |
|---|---|
| v. | |
| EFRAIN HERNANDEZ VAZQUEZ | June 5, 2015 |

**ORDER REDUCING SENTENCE PURSUANT TO 18 U.S.C. § 3582**

For the reasons that follow, the Court *sua sponte* orders a reduction in Defendant Efrain Hernandez Vazquez's sentence pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a court "on its own motion" to reduce a term of imprisonment where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[1]

**I.    Background**

On February 24, 2014, Mr. Hernandez Vazquez was sentenced following his guilty plea to Conspiracy to Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(c). As set forth in the Statement of Reasons and Presentence Investigation Report, the Court found Defendant responsible for conspiring to possess

---

[1] Defendant has moved [Doc. # 1395] for the reappointment of counsel so that counsel can file a motion for a reduced sentenced on his behalf. There is no constitutional or statutory right to counsel in a § 3582(c)(2) proceeding. *See United States v. Myers*, 524 F. App'x 758, 759 (2d Cir. 2013); *United States v. Reddick*, 53 F.3d 462, 464 (2d Cir. 1995). Because the Court can reduce Defendant's sentence *sua sponte* and, as discussed below, has elected to impose the lowest sentence authorized by law, there is no need for the Court to appoint counsel for this proceeding. Accordingly, the Motion [Doc. # 1395] for Reappointment of Counsel is DENIED. See *Reddick*, 53 F.3d at 465 ("The provision of counsel for [§ 3582(c)(2)] motions should rest in the discretion of the district court.").

and distribute between 40 and 60 grams of heroin, resulting in a base offense level of 20 under U.S.S.G. § 2D1.1(c)(10). (PSR [Doc. # 1369-2] ¶¶ 50, 100; Statement of Reasons at 1 [Doc. # 1396-3] (adopting PSR without change).) With a three-level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1, Mr. Hernandez Vazquez's total offense level was 17. At Criminal History Category V, Mr. Hernandez Vazquez's sentencing range was 46 to 57 months' imprisonment, and the Court imposed a sentence of 46 months' imprisonment. (Statement of Reasons at 1.)

II.     **Discussion**

Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, which modified Section 2D1.1 of the Sentencing Guidelines to lower the sentencing range for certain categories of drug-related offenses. Amendment 788, also effective November 1, 2014, authorized retroactive application of Amendment 782 to those sentenced before its effective date. The Probation Department made a submission [Doc. # 1396] to the Court and the parties, opining that Defendant is eligible for a sentencing reduction under Amendment 782.

In considering whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), a court is directed to consider "the factors set forth in section 3553(a) to the extent that they are applicable" and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," id., i.e., § 1B1.10 of the Guidelines addressing resentencing, see Dillon v. United States, 560 U.S. 817, 826 (2010).

"This rule—namely, that resentencings pursuant to § 3582(c)(2) must be consistent with the applicable Guidelines policy statement—is mandatory. Accordingly, § 3582(c)(2) does not authorize 'a plenary resentencing proceeding' and the resentencing

court must treat the Guidelines as binding—not as 'advisory' as it would at a defendant's initial sentencing" under *United States v. Booker,* 543 U.S. 220 (2005), which does not apply to a resentencing proceeding. *United States v. Steele*, 714 F.3d 751, 754 (2d Cir. 2013) (quoting *Dillon*, 560 U.S. at 826). The applicable policy statement of the Guidelines provides that a court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). The only exception, which is not applicable in this case, is where a defendant was sentenced below the guidelines range based on a government motion to reflect the defendant's substantial assistance to the authorities. *Id.* § 1B1.10(b)(2)(B).

"Following this two-step approach, a district court proceeding under § 3582(c)(2) does not impose a new sentence in the usual sense." *Dillon*, 560 U.S. at 826. Rather, "the limited nature of § 3582(c)(2) proceedings" requires that a sentencing court first determine if a defendant is eligible for a reduced sentenced under amended Guideline provisions, and if so, the extent of the reduction authorized. *Id.* At step two of the inquiry, a court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Defendant is eligible for a sentence reduction because he was sentenced under U.S.S.G. § 2D1.1, and Amendment 782 has since reduced his offense level by 2, resulting in a revised guidelines range of 37 to 46 months' imprisonment. Mr. Hernandez Vazquez's original sentence of 46 months was at the bottom of the then-applicable guidelines range. Accordingly, considering the applicable § 3553(a) factors from the original sentencing proceeding and that Defendant has not incurred any disciplinary

3

infractions while incarcerated (*see* 2d PSR Addendum [Doc. # 1398]); *United States v. Figueroa*, 714 F.3d 757, 761 (2d Cir. 2013) ("[A]n inmate's conduct while in prison is a relevant factor for a district court to consider on resentencing."), the Court will reduce Defendant's sentence to 37 months' imprisonment. This sentence is at the bottom of the amended sentencing range and is the minimum sentence that is authorized by U.S.S.G. § 1B1.10(b)(2)(A), which is binding in a resentencing proceeding, *United States v. Erskine*, 717 F.3d 131, 135 (2d Cir. 2013) ("§ 1B1.10 of the Guidelines is valid and binding on district courts."). Under U.S.S.G. § 1B1.10(e)(1), "[t]he court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." Therefore, this Order shall not take effect until November 1, 2015.[2]

### III.    Conclusion

Effective November 1, 2015, Defendant's sentence of imprisonment is reduced to 37 months. All other aspects of the original sentence shall remain in effect.

IT IS SO ORDERED.

              /s/
              Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 5th day of June, 2015.

---

[2] An application note to the Guidelines explains that "Subsection (e)(1) does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. 3582(c)(2) and this policy statement before November 1, 2015, provided that any order reducing the defendant's term of imprisonment has an effective date of November 1, 2015, or later." U.S.S.G. § 1B1.10, comment. (n.6). The Probation Office estimates that Defendant's revised projected release date is April 1, 2016. (PSR Addendum [Doc. # 1396] at 1.)